**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Misti Lynn Willis on her on behalf and as the representative, Executor and Administratix of the Estate of Jeremy Shea Willis; The Estate of Jeremy Shea Willis composed of Misty Lynn Willis and her minor children A Willis; B Willis and C Willis; Holly M. Willis | CIVIL NO. |
| Plaintiffs | |
| v. | |
| WYNDHAM GRAND RIO MAR BEACH RESORT & SPA; WYNDHAM WORLDWIDE CORPORATION; RIO MAR RESORT- WHG HOTEL PROPERTY, LLC; WHM CARIB, LLC; RIO MAR RESORT – MTG COMPANY LLC; AIRBNB, Inc.; MARGARITAVILLE VACATION CLUB BY WYNDHAM, INC.; LIBERTY MUTUAL FIRE INSURANCE COMPANY; CHUBB INSURANCE COMPANY; ACE INSURANCE COMPANY; W and X CORP, Y and Z INSURANCE Companies | Plaintiffs demand Trial by Jury |
| Defendants | **COMPLAINT** |

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs Misti Lynn Willis, the estate of

Jeremy Shea Wilis, and Misti Lynn Willis in her capacity of

executor, administratix and member of the estate of Jeremy Shea
Willis, composed of Misti Lynn Willis and her minor children A
Willis; B Willis and C Willis; and Holly M. Willis, and before
this Honorable Court respectfully allege and pray as follows:

I.   **THE PARTIES**

1.   Plaintiff, Misti Lynn Willis, is of legal age, she is
the widow of Jeremy Shea Willis, and the mother of minors A
Willis; B Willis and C Willis.  Jeremy Shea Willis was the father
of said minors.

2.   All above named plaintiffs mentioned in averment one
are domiciled in the State of South Carolina and are the legal
heirs of Jeremy Shea Willis, who died tragically by drowning in
Rio Grande, in  the ocean in front of the WYNDHAM GRAND RIO MAR
BEACH RESORT & SPA on March 4, 2021.

3.   The ESTATE OF JEREMY SHEA WILLIS composed of all of the
plaintiffs mentioned in averment one, is a co-plaintiff to this
action and for diversity of jurisdiction purposes, it is also
domiciled in the State of South Carolina.

4.   Misti Lynn Willis is the administrator and executrix of
the estate of Jeremy Shea Willis pursuant to the laws of the
State of South Carolina and the representative of her minor
children A Willis, B Willis and C Willis.

5.    Holly M. Willis is the mother of Jeremy Shea Willis, she is single and domiciled in the State of Florida.

6.    Defendant, WYNDHAM GRAND RIO MAR BEACH RESORT & SPA (Hereinafter referred to as "Wyndham Grand.") is the commercial name of the hotel owned and/or operated by one or more of the named defendants to this action as further described herein, located at 6000 Rio Mar Boulevard, Rio Grande, Puerto Rico.

7.    Defendant, WYNDHAM WORLDWIDE CORPORATION, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany-Troy Hills, New Jersey. Upon information and belief, it is the owner and/or holding company for all hotel facilities and operations, to include the Wyndham Grand facilities were the accident described in this complaint occurred.  It is the entity that ultimately earns the profits of all of its hotel operations, to include the hotel Wyndham Grand Rio Mar Beach Resort & Spa, and thus, it is also responsible to the plaintiffs as further described below.

8.  Defendant, RIO MAR RESORT- WHG HOTEL PROPERTY, LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware that has its principal place of business in the State of New Jersey. Upon information and belief, it owns the hotel facilities of Wyndham Grand and/or is the administrator

and/or operator and/or manager of the same.  In any of these
capacities, it is also responsible to the plaintiffs for damages
and accidents suffered caused by negligence, and as further
described in this complaint.

9.    Defendant, WHM CARIB, LLC, (Hereinafter referred to as
"WHM Carib") is a corporation organized and existing under the
laws of the State of Delaware with its principal place of
business in Parsippany-Troy Hills, New Jersey. Upon information
and belief, it owns the facilities of Wyndham Grand and/or is the
administrator and/or operator and/or manager of the same.  In any
of these capacities, it is also responsible to the plaintiffs for
damages and accidents suffered caused by negligence.

10.    Rio Mar Resort -MTG Company, LLC, (Hereinafter referred
to as "Rio Mar MTG", is a corporation organized and existing
under the laws of the State of Delaware with its principal place
of business in Parsippany-Troy Hills, New Jersey. Upon
information and belief, it owns the facilities of Wyndham Grand
and/or is the administrator and/or operator and/or manager of the
same.  In any of these capacities, it is also responsible to the
plaintiffs for damages and accidents suffered caused by
negligence.

11.   Codefendant, Airbnb, Inc. ("Airbnb") is a Delaware
corporation that manages and operates an online marketplace for
hospitality services, with principal offices located in the State
of California. Airbnb offers lodging, homestays, and tourism
services to individuals via websites and mobile applications in
exchange for economic benefit from property owners like one or
more of the Wyndham Rio Mar (further described below) defendants
mentioned in this complaint.

12.   Airbnb serves clients worldwide.  The hotel
accommodations used by the Willis family were promoted and booked
via Airbnb and were rented via the use of the Airbnb platform to
the Willis family. Airbnb received compensation for promoting a
property that was unsafe.  At the very least, and since it would
be deriving a profit from the Willis family stay, it is also
responsible to the plaintiffs for the accident, since it should
ensure that the property it contracts to promote, is safe for
clients like the Willis family or that pertinent information
regarding the property was provided to the Willis family either
by it or the owner of the hotel facilities used to accommodate
the Willis family.

13. MARGARITAVILLE VACATION CLUB BY WYNDHAM, INC.,
("Margaritaville") is a corporation organized under the laws of

the U.S. Virgin Islands that is the owner, manager and/or the operator of certain hotel and accommodation facilities within the Rio Mar Wyndham Grand, that at the timeframe of the accident described in this complaint, served as the hotel room accommodations for Misti Lynn Willis and her husband Jeremy Shea Willis, prior to his passing. Margaritaville rented the room to the Willis family via the Airbnb platform.

14.  Margaritaville shares all hotel facilities with Wyndham Grand, and their guests have full access to all such hotel facilities to include the beach area.

15.  By information and/or believe, co Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, (Hereinafter referred to as "Liberty") is an insurance carrier organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business therein, who had issued one or more insurance policies in favor of one or more of the named defendants to cover events and damages as described in this complaint.

16.  By information and/or believe, co Defendant, CHUBB INSURANCE COMPANY (Hereinafter referred to as CHUBB) AND/OR ACE PROPERTY AND CASUALTY INSURANCE COMPANY,(Hereinafter referred to as "ACE") are an insurance carriers organized and existing under the laws of the Commonwealth of Pennsylvania with its principal

place of business therein, who had issued one or more commercial liability policies in favor of one or more of the named defendants to cover events and damages as described in this complaint.

17.  W  and X CORP, are the fictitious names utilized to denominate other corporate entities that together with the rest of the defendants are also responsible for the accident described in this complaint and all damages caused to the plaintiffs to suffer. Once their identities are known, the complaint may be amended to substitute and properly name said unknown defendants.

18.  Y and Z INSURANCE are the fictitious names used to denominate one or more insurance companies that at the time of the occurrence of the event that cost Mr. Willis his life, had issued and had in effect one or more insurance policies to cover the liability of one or more of the named defendants in this action.  Once their identities are known, the complaint may be amended to substitute the fictitious names with the proper names of said insurance company defendants.

19.  All above named defendants, and the Margaritaville named defendant, except Airbnb and the named insurance companies in this complaint are referred collectively as the "Wyndham Rio Mar" defendants.

## JURISDICTION AND VENUE

20.   This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

21.   Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in this district.

## FACTS

22.   Co-plaintiff Misti Lynn Willis and her husband  Jeremy Shea Willis,  on January, 2021 booked a vacation through the business portal of Airbnb,Inc., at Margaritaville, Wyndham Rio Mar, Rio Grande Puerto Rico, part of the Wyndham Grand hotel facilities, in order to celebrate their wedding anniversary in Puerto Rico.  The stay at Margaritaville was programed to be from February 27, 2021 until March 4, 2021.

23.   As part of the facilities promoted by Airbnb to entice the booking and to be used by the "Wyndham Rio Mar" guests, was the use of the beach and ocean located contiguously to the premises – a beach resort.  Beach rental equipment, jet skis, chairs and towels and other amenities were available for the use all hotel patrons and pictures and information enticing the use

of the beach facilities and amenities, appeared in the hotel
website and promotional material viewed by the Willis family.

24.   What was not promoted to Misti and her husband by the
defendants, was the dangerous condition of the ocean in front of
the beach resort of the "Wyndham Rio Mar".  Said information was
omitted by the defendants.

25.   One or more of the Wyndham Rio Mar defendants actively
promoted the use of the beach, conducted business related
activities at the beach either directly or through
concessionaires for profit, and exercised control of the beach
area by placing chairs, umbrellas, flags, etc. The beach area is
an attraction that the Wyndham Rio Mar uses to promote and entice
more business from hotel patrons, to include Misti and her
husband Jeremy.

26.   On the morning of March 4th, 2021, Misti and her
husband Jeremy, shortly after sunrise went to the beach.  Jeremy
wanted to swim and snorkel in the ocean prior to their departure.

27.   Jeremy entered the ocean just before 9AM to go
snorkeling. Shortly after entering the ocean, Misti lost sight of
her husband.  She immediately alerted the hotel and hotel guests
that were in the beach area and desperately requested assistance
to locate her husband.

28.   After 9.45 AM, a lifeguard appeared to also assist in the search. Shortly thereafter, jet skis, the police, helicopters and the Coast Guard joined in the search.

29.   Jeremy's lifeless body was eventually found around 11.30 AM, to the right side of the entry point he used to gain entry into the ocean.  At the time of his demise, Jeremy was 41 years of age, a father of three minors, and a husband to Misti. He was employed and was in the process of assuming a higher paying job, having completed the training required for this new work challenge.

## LIABILITY OF THE DEFENDANTS

30.   All the Wyndham Rio Mar defendants are innkeepers under Puerto Rico law.  As Innkeeper's and as per Puerto Rico law, the Wyndham Rio Mar defendants have a heightened duty of care towards guests. As Innkeeper's, owners, operators and managers of the hotel facilities, the Wyndham Rio Mar defendants are required to maintain its premises in such condition so that their guests do not suffer foreseeable injuries.

31.   As per the following averments, all the Wyndham Rio Mar defendants were negligent, did not provide adequate warnings to prevent the incident that cost the life of Mr. Willis and failed to properly warn and act.  Said defendants failed in providing a

heightened duty of care and protection to its guests, and, in particular, failed in providing the same to the Willis family.

32.  Although the day of the incident the ocean in front of the hotel seemed calmed and no warning flags were seen by Mr. and Mrs. Willis, Wyndham Rio Mar defendants knew or should have known of the presence of dangerous rip currents in the area.  Just as important, with no adequate warning signs present, all the Wyndham Rio Mar defendants should have known that hotel guests would go swimming in the ocean in front of the hotel, particularly during daylight hours.

33.  Prior to the tragic events of March 4, 2021, various other accidents had occurred in front of the Wyndham Rio Mar hotel facilities, to include another drowning incident.  Legal cases have been brought against one or more of the Wyndham Rio Mar defendants concerning the dangerous rip currents present in the area.

34.  Just two days before the occurrence of the accident, another drowning occurred, yet, the Wyndham Rio Mar Defendants, aware of this previous incident, took no proactive steps to warn their business patrons staying at the hotel – their hotel invitees - of the dangerous condition of the ocean: The presence of rip currents and the dangers that said rip currents represent.

35.   The Wyndham Rio Mar defendants failed to warn and to communicate to their patrons the presence of rip currents – a very dangerous condition.

36.   By failing to act and to communicate, the Wyndham Rio Mar defendants, and their employees, failed to exercise due diligence to avoid foreseeable risks to its hotel patrons and failed in executing their obligations as Innkeepers.

37.   Airbnb, Inc. promoted the Margaritaville hotel facilities to the Willis family.  Airbnb, Inc. derived an economic benefit by promoting the Margaritaville facilities. Yet, Airbnb, Inc. failed to inquire and ensure that it was providing all the information regarding the safety of the facilities and that their patrons were properly warned of the risks that may be present in the beach resort that was promoted for the use of the Willis family.

38.   Airbnb, Inc. with the rest of the defendants, and in particular Wyndham World Wide, should have ensured that they were promoting safe facilities or that they at least did a reasonable effort to advise guests of the dangers that may be present in said promoted facilities.  Airbnb and Windham World Wide failed to warn and to act.

39.   Under the economic benefit theory, the Airbnb and Wyndham World Wide defendants are also responsible to the

plaintiffs for the damages suffered, since they ultimately each enjoyed a profit to the expense of the Willis family and failed to warn the Willis family of known dangers present.

40.  Although all the Defendants knew or should have known that there were dangerous rip currents present in the water adjacent to the hotel since at least March 2, 2021, the Wyndham Rio Mar defendants failed to ensure that proper rip current warnings were placed on the beach area and that their hotel guests were properly warned prior to and the date of the accident.

41.  Although the Defendants knew or should have known that there were dangerous rip currents present in the water adjacent to the hotel since at least March 2, 2021, the Wyndham Rio Mar defendants failed to provide adequate warnings to their guests of the heighted safety peril before the events that resulted in the death of Mr. Willis. The Wyndham Rio Mar defendants could have easily and at little or no cost provided warnings to the Willis family and the rest of the hotel guests.  Yet they were lax and failed to warn and act.

42.  Said Wyndham Rio Mar defendants had the knowledge of the dangerous condition present in the Ocean - rip currents - , not only because of the previous accidents involving drowning and rip currents in the ocean in front of their facilities, but by

information made available to the hotel by others.  The Wyndham
Rio Mar defendants knowingly and negligently failed to share said
knowledge involving the presence of dangerous rip currents with
their guests.

43.  Although the Defendants knew or should have known that
there were dangerous rip currents present in the water adjacent
to the hotel since at least March 2, 2021, all the Wyndham Rio
Mar defendants failed to monitor the same and to provide timely
and adequate warnings to their guests regarding the presence of
this dangerous condition. The Wyndham Rio Mar defendants could
have easily and at little or no cost provided effective warnings
to the Willis family and the rest of the hotel guests by various
means.  Yet, they failed to act and provide the knowledge and
information regarding the presence of dangerous rip currents.

44.  All the defendants failed to warn of the dangerous
conditions that rip currents represent.  At the time of the
accident, even though they had the ability to do so at little or
no cost to them, the Wyndham Rio Mar defendants failed to provide
daily warnings of weather conditions, adequate safety signs,
notices, adequate warnings of the dangers of rip currents,
informational flyers and other communications to their hotel
guests.

45.   The Wyndham Rio Mar defendants, failed to provide life guards and adequate notices indicating the presence of Rip Currents and the dangers that rip currents represent at the beach area, and in particular the possibility of drownings.

46.   At the same time, prior to the incident that cost Mr. Willis his life, defendants failed to place appropriate specific flags indicating the presence of rip currents, monitor the same and information of how to identify, avoid and/or escape rip currents and the danger that rip currents represent.

47.   All the defendants new or should have known the dangers present in the Wyndham Rio Mar facilities, yet they chose to ignore the dangerous conditions.  Particularly the Wyndham Rio Mar defendants were aware of the dangerous rip currents in the ocean in front of the Wyndham Rio Mar facilities and of a very recent death.  The Wyndham Rio Mar defendants failed to act and opted not to warn their hotel patrons of the dangerous condition present, even though they had the knowledge, the ability and the means to warn.  They simply directly and/or through their employees, negligently failed to act. The Wyndham Rio Mar defendants and their employees are also responsible to the plaintiffs for failing to act and take proactive steps to avoid the tragedy that cost Mr. Willis his life.

48.  At all times material hereto the Defendants and their employees, as owners, managers, administrators and/or operators of the Wyndham Rio Mar  beach facilities used by the Willis family, had a heightened duty of care obligation to look after and ensure the safety and well-being of their paying guest, like the Willis family.  By being lax, ignoring the dangerous condition of rip currents present in front of the hotel facilities and by failing to warn guests and act in the presence of rip currents, a dangerous condition known to Wyndham Rio Mar defendants and their employees, they failed in their duty of care towards hotel patrons like Mr. and Mrs. Willis, and to exercise due diligence so that guests could avoid the dangerous condition that rip currents represent.

49.  More specifically, as Hotel innkeeper's and with the knowledge that rip currents were present in the beach area of the hotel at the time of the Willis family stay, the Wyndham defendants and their employees failed in:

      a  Monitoring and operating a designated beach area in a reasonably safe manner.

      b  To have a proper warning system for rip currents and/or other dangerous conditions for hotel patrons such as in room television warnings; brochures,

flyers, news letters, adequate warning signs, rip
current warning flags, etc.

c   To warn guests of the hotel, including the
Plaintiffs, on how to identify and avoid rip
currents, and how to escape rip currents once
exposed to said danger.

d   To adequately monitor, train their employees, agents
and servants on how to properly conduct ocean
rescues and/or rip current rescues, and rescues of
near drowning victims.

e   To provide life guards or other security personnel
with water rescue training for the benefit of hotel
guests that the Defendants knew or should have known
would be using the Wyndham Rio Mar beach facilities.

f   By failing to establish and follow proper safety
processes when rip current conditions are present.

g   By failing to explain the possibility of drowning
caused by rip currents and adequate notices of such
a hazard – a very real danger that had cost the life
of another person that same week.

## **DAMAGES**

50.  As a direct and proximate result of the wrongful and/or negligent acts and omissions of the Defendants, as stated above, the decedent, Jeremy Shea Willis, died tragically as a result of drowning.

51.  By information and believe, and since Jeremy drowned, he suffered prior to his demise.  The mental anguish and pain suffered by Jeremy prior to and at the moment of his death, is transmitted to all the heirs of Mr. Willis and is compensable as per the Civil Code of Puerto Rico.  Said damages are reasonably estimated in a sum in excess of $1,000,000.00.

52.  As a direct and proximate result of the wrongful and/or negligent acts and omissions of all the Defendants as stated above that caused the death of her husband, Plaintiff, Misti Lynn Willis,  has in the past and will continue to suffer into the future mental anguish, depression, sadness and severe emotional distress at losing her husband.

53.  She was present in the beach when she saw her husband enter the ocean and when  the lifeless body of Jeremy was found. She no longer enjoys various activities and pleasures of life that she was able to enjoy with her husband.  She feels alone, depressed, angry and deeply saddened.  She is experiencing and will continue to experience into the future, depression, mental

anguish, loss of companionship, affection, and support that her husband provided.

54.   She also suffers for her children since they will no longer have the care and affection of their father due to the negligence actions of all the defendants as previously averred.

55.  All her mental anguish damages because of this accident due to the negligence of the defendants is compensable under the provisions of the Civil Code of Puerto Rico and are reasonable estimated in a sum in excess of TWO MILLION DOLLARS ($2,000,000.00)

56.   As a result of the accident, A Willis, B Willis and C Willis will no longer have the love and affection and companionship of their father.  They will not be able to partake in several activities that each enjoyed with their father.  The loss of their father due to this tragic accident and the mental anguish for each of them due to the negligence of all of the defendants and their employees is compensable under the provisions of the Civil Code of Puerto Rico, and is reasonably estimated in a sum of not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000) for each.

57.   Holly M. Willis is the mother of Jeremy.  She is emotionally destroyed at the loss of her son.  Jeremy was her only male son.  She feels sad, depressed, and helpless, since she

had a very close relationship with her son.  She is a widow and she depended on Jeremy for assistance. She no longer enjoys his company and his constant support.  She is also very sad since her daughter in law lost her husband and her grandchildren their father. Her damages are reasonably estimated in a sum in excess of $500,000.

58.  At the time of the demise of Jeremy Shea Willis, Mr. Willis was gainfully employed and provided considerable monetary support to his family.  The family depended on his income to support and sustain a certain standard of living.  Jeremy, after receiving training, had accepted an offer of employment that would increase substantially his past earnings.  Because of his untimely death, all the members of the estate will suffer economic damages since said income that Mr. Willis provided will no longer be available to support them.

59.  The members of his estate are entitled to receive compensation for the economic support lost and that they would have received if Mr. Willis had not lost his life in this tragic accident due to the negligence of the defendants and their employees.

60.  Economic damages that the members of the estate of Mr. Jeremy Shea Willis are entitled to receive as compensation under the provisions of the Civil Code of Puerto Rico is reasonable

estimated in a sum in excess of SEVEN HUNDRED AND FIFTY THOUSAND
DOLLARS ($750,000).

61.  As a result of this tragic accident, the estate of Mr.
Willis has had to incur and continues to incur unwanted economic
damages that could have been avoided and/or covered and/or
reimbursed by the defendants.  Said damages are reasonably
estimated in a sum in excess of TWENTY-FIVE THOUSAND DOLLARS
($25,000), a sum that is also due by all the defendants to the
plaintiffs as per the provisions of the Civil Code of Puerto Rico
regarding damages and compensation.

62.  All of the named Defendants and their employees as per
the dispositions of the new Civil Code of Puerto Rico regarding
damages, direct and vicarious liability, are jointly and
severally liable to the Plaintiffs for all of the damages caused.

**FURTHER COMPENSATION - ARTICLE 1538, Act No.
55-2020, Civil Code of Puerto Rico (the "New
Civil Code").**

63.  Under the provisions of Article 1536 of the Civil Code
of Puerto Rico, all plaintiffs are entitled to be compensated
jointly by all the defendants for all damages caused to suffer
because of negligence as alleged in this complaint.

64.   Pursuant to Article 1538 of the Civil Code of Puerto
Rico, plaintiffs request that the total amount of compensation
awarded by a jury be doubled, if a jury determines, based on the
factual and evidence presented at trial, that one or more of the
defendants and/or their employees acted or failed to act
knowingly, intentionally and with gross disregard to the safety
and well-being of the Willis family.

65.   Named defendants LIBERTY, CHUBB, ACE and unknown
insurance carriers referred to in this complaint who also had in
effect insurance policies covering one or more of the defendants,
are by virtue of the respective insurance policies also
responsible to the plaintiffs for all damages suffered, up to the
insurance coverage limits provided as per the insurance policies
in effect at the time of the accident.

66.   Plaintiffs demand trial by jury as to all claims
asserted herein.

**WHEREFORE**, the Plaintiffs request the entry of judgment in
their favor and against all Defendants condemning them to pay
jointly and severally all the damages and amounts claimed herein,
together with interest, costs, and attorney's fees.

In San Juan, Puerto Rico this  21st  day of October, 2021.

**RESPECTFULLY SUBMITTED**

**Rivera-Aspinall, Garriga
& Fernandini, PSC**
Attorneys for Plaintiffs
1647 Adams St., Summit Hills
San Juan, Puerto Rico    00920
Tel. (787) 792-8644
Fax (787) 792-6475
E-Mail:  aspinall@ragflaw.com


**S/Julián R. Rivera-Aspinall**
Julián R. Rivera-Aspinall, Esq.
USDC/PR 208506