IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MISTI LYNN WILLIS, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 21-1515 (FAB) |
| RÍO MAR RESORT – MTG COMPANY, LLC, et al., | |
| Defendants. | |

**OPINION & ORDER**

This case stems from the tragic death of Mr. Jeremy Shea Willis ("Mr. Willis"), who perished at the beach on March 4, 2021 during a vacation-stay at a timeshare unit of the Margaritaville Vacation Club located at the Wyndham Grand Río Mar Beach Resort & Spa in Río Grande, Puerto Rico. On August 4, 2022, Mr. Willis' spouse, Plaintiff Misti Lynn Willis ("Mrs. Willis") on her own behalf and on behalf of three minor children (collectively "Plaintiffs"), all of whom are members of the estate of Mr. Willis, filed a third amended complaint alleging that negligent acts and omissions led to Mr. Willis' wrongful death under Article 1536 of the Puerto Rico Civil Code, 32 L.P.R.A. § 10801. ECF No. 64. Plaintiffs bring as Defendants Margaritaville Vacation Club by Wyndham, Inc., Travel + Leisure Co., and Starr Indemnity & Liability Insurance Company, Inc. (collectively "the Margaritaville Defendants"). ECF No. 64 at 3, 6, 8.

Now pending before the court is a separate motion filed by Plaintiffs requesting that the court strike the expert reports of Dr. Yocasta Brugal (Exhibit L, ECF No. 115-14) and Dr. Miguel Canals (Exhibit O, ECF No. 115-17) and disregard said reports in deciding the Margaritaville Defendants' motion for summary judgment because such reports are "unsworn"

and therefore constitute hearsay documents which "can not [sic] be considered as part of the summary judgment record." ECF No. 123 at 2–3. Co-Defendants Travel + Leisure Co. and Margaritaville Vacation Club by Wyndham, Inc. filed an opposition to Plaintiff's motion to strike. ECF No. 130.

Federal Rule of Civil Procedure Rule 56(c)(2), amended in 2010, provides that, in litigating a motion for summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Therefore, "[t]o preclude consideration of evidence submitted for or against summary judgment, the objecting party must show that the evidence *cannot* be presented in a form that would be admissible in evidence." Chase v. Corning, Inc., 2014 WL 5511117, at *2 (D.N.H. Oct. 30, 2014) (quoting Fed. R. Civ. P. 56(c)(2)) (emphasis in original, internal quotations omitted). This court has made clear that it "may consider hearsay evidence submitted in an inadmissible form at the summary judgment stage where the content of the evidence proffered could later be provided in an admissible form at trial." Sec. & Exch. Comm'n v. Ramirez, 2018 WL 2021464, at *7 (D.P.R. Apr. 30, 2018); De Jesús v. Andrés Reyes Burgos, Inc., 2022 WL 525283, at *3, n. 4 (D.P.R. Feb. 22, 2022) ("the authenticated document, unsworn under the penalty of perjury, may be considered on summary judgment."). Specifically, "[b]ecause experts could appear at trial and testify to opinions, which then would not be hearsay, an expert report submitted for purposes of summary judgment could meet the requirements of Rule 56(c)." Chase, 2014 WL 5511117, at *2.

Even if this case were to proceed to trial, the written expert reports of Dr. Brugal and Dr. Canals would not be admissible as exhibits. Jones ex rel. U.S. v. Massachusetts Gen. Hosp., 780 F.3d 479, 494 (1st Cir. 2015) (finding an expert report to be "a quintessential example of

hearsay" and thus inadmissible at trial). However, both Dr. Brugal and Dr. Canals could testify under oath at trial according to the contents of their expert reports, nullifying any hearsay objection. Because their testimony based on their expert reports can be presented as an admissible form at trial, Dr. Brugal and Dr. Canals' expert reports can be considered for purposes of resolving any motions for summary judgment under Rule 56(c)(2). For the foregoing reasons, Plaintiffs' motion to strike the expert reports of Dr. Brugal and Dr. Canals (Exhibit L, ECF No. 115-14 and Exhibit O, ECF No. 115-17) is DENIED.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 11th day of September, 2023.

s/Marcos E. López
U.S. Magistrate Judge
